IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| DAVID B. MCGARRY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-00606-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| GMRI, INC., A FLORIDA CORPORATION; DARDEN RESTRAINTS, INC., A FLORIDA CORPORATION; AND BAHAMA BREEZE HOLDINGS, INC., A FLORIDA CORPORATION; | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) | |

## **MEMORANDUM OPINION**[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

### I. INTRODUCTION

Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim [ECF No. 28]. The motion is fully briefed and ripe for disposition. For the reasons that follow, Defendants' motion is denied.

### II. BACKGROUND

This is a breach of contract case in which Plaintiff David B. McGarry entered into a contract with the Defendants to perform certain remodeling work on their restaurant Bahama Breeze located in Pittsburgh, Pennsylvania. Plaintiff claims that in August 2013 he performed a portion of the remodeling work on the restaurant, but at some point the relationship between the

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

1

parties broke down and Bahama Breeze refused to allow him to complete the remaining work under the contract and did not pay him under their agreement. Plaintiff filed suit against Bahama Breeze in the Allegheny County Magisterial District Court in 2014 seeking damages for the restaurant's breach of contract. After Plaintiff filed suit, the Plaintiff and Bahama Breeze entered into a settlement agreement for the state court suit and Plaintiff discontinued the litigation. The settlement agreement and release states in pertinent part:

> McGarry, in consideration for the payment of the above sum, does hereby release and forever discharge Bahama Breeze, its assigns, agents, employees, former employees, directors, officers, shareholders and insurers together with all other persons, firms, successors, predecessor corporations, parent corporations, and affiliated corporations from **all, actions,** causes of action, suits, charges, claims, debts, grievances, sums of money, and demands of any kind or description whatsoever in law or in equity, known or unknown**, as related to or involving money owed for work performed** at the Bahama Breeze location at 6100 Robinson Center Drive, Pittsburgh, Pennsylvania, 15205 in September of 2013.

Exhibit P to the Am. Compl. [ECF No. 23-1] at ¶ 3 (emphasis added). The settlement agreement and release also provided that the settlement payment was being paid

> in exchange for the **release of any and all remedies, claims**, common law and/or statutory causes of action that McGarry possesses or may claim to possess against Bahama Breeze, its assigns, agents, employees, former employees, directors, officers, shareholders, and insurers together with all other persons, firms, successors, predecessor corporations, parent corporations, and affiliated corporations **as related to or involving money owed for work performed** at the Bahama Breeze location at 6100 Robinson Center Drive, Pittsburgh, Pennsylvania, 15205 in September of 2013.

*Id*. at ¶ 4.

Plaintiff brings the instant breach of contract action seeking damages for his lost profits in connection with the remodeling work that Bahama Breeze did not allow him to perform.

Defendants move to dismiss Plaintiff's complaint on the ground that Plaintiff's present cause of action is encompassed by the terms of the settlement agreement and Plaintiff merely seeks additional remedies for the same cause of action that was settled and withdrawn from state

2

court and alternatively argues that the settlement agreement and release and withdrawal of the state court action bars the present action under the doctrine of res judicata.

### III. STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (*quoting Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). "Factual

allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

(*Id.*) (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). In addition, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Lum v. Bank of America*, 361 F.3d 217, 222 (3d Cir. 2004) (in resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider "the allegations in the complaint, exhibits attached to the complaint,

matters of public record, and documents that form the basis of a claim.").

## IV. DISCUSSION

1. Res Judicata

The doctrine of res judicata holds that "[a] final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the same parties or their privies on the same cause of action." *Mintz v. Carlton House Partners, Ltd.*, 407 Pa.Super. 464, 474, 595 A.2d 1240, 1245 (1991) (quoting *Stevenson v. Silverman*, 417 Pa. 187, 190, 208 A.2d 786, 788 (1965), cert. denied, 382 U.S. 833, 86 S.Ct. 76, 15 L.Ed.2d 76 (1965)). As a preliminary matter, neither party has addressed the choice of law question as it applies to res judicata and both parties cite to cases interpreting res judicata under federal law. Generally, state law governs the preclusive effect of a prior state court judgment in a subsequent diversity case; thus, Pennsylvania law applies here. *See Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988). Because the parties have made no argument as to the application of res judicata under Pennsylvania law, the Court is not convinced that applying the doctrine is proper here and no decision will be made as to this issue.[2] Defendant may reassert this defense at the appropriate juncture.

2. Release

The Defendants argue that the instant action is barred by the executed settlement agreement and release. Plaintiff responds that the release does not foreclose him bringing suit for "work to be completed" or in other words, for work he contracted for but was unable to perform because of Defendants.

---

[2] Specifically, the court is not convinced that under Pennsylvania law that a settlement agreement and release constitutes court action for purposes of res judicata. *See Bearoff v. Bearoff Bros.*, 458 Pa. 494, 497, 327 A.2d 72, 74-76 (1974).

5

Release is an affirmative defense. Fed. R. Civ. P. 8(c). While affirmative defenses are usually only permitted to be raised in the answer, the Court of Appeals for the Third Circuit allows an affirmative defense to be raised in a motion to dismiss if it is apparent on the face of the complaint and no development of the record is necessary. *See e.g., Rycoline Prod., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (applying affirmative defense of res judicata).

Under Pennsylvania law, "the effect of a release must be determined from the ordinary meaning of its language[,]" *Buttermore v. Aliquippa Hosp.*, 522 Pa. 325, 328, 561 A.2d 733, 735 (1989), and must be interpreted using the traditional principals of contract interpretation. *Harrity v. Med. Coll. of Pennsylvania Hosp.*, 439 Pa. Super. 10, 20, 653 A.2d 5, 10 (1994) (citing *International Organization Master, Mates and Pilots of America, Local No. 2 v. International Organization Masters, Mates and Pilots of America*, 497 Pa. 102, 109, 439 A.2d 621, 624 (1981)). The court must adopt an interpretation that "is most reasonable and probable bearing in mind the objects which the parties intended to accomplish through the agreement[.]" *Wrenfield Homeowners Ass'n, Inc. v. DeYoung*, 410 Pa. Super. 621, 627, 600 A.2d 960, 963 (1991). "Releases are strictly construed 'so as to avoid the ever present possibility that the releasor may be overreaching.'" *Bowersox Truck Sales and Serv., Inc. v. Harco Nat'l Ins. Co.*, 209 F.3d 273, 280 (3d Cir.2000) (citing *Restifo v. McDonald*, 426 Pa. 5, 230 A.2d 199, 201 (Pa.1967)).

Where a contract's language is "clear and unambiguous, the focus of interpretation is upon the terms of the agreement as manifestly expressed, rather than as, perhaps, silently intended." *Steuart v. McChesney*, 498 Pa. 45, 444 A.2d 659, 663 (Pa.1982). However, if a release is "reasonably susceptible of different constructions and capable of being understood in more than one sense," it is considered ambiguous. *Kripp v. Kripp*, 578 Pa. 82, 91, 849 A.2d 1159, 1163 (2004). "While unambiguous contracts are interpreted by the court as a matter of

6

law, ambiguous writings are interpreted by the finder of fact." *Id*.

Here, the Court is not convinced that as a matter of law the release bars Plaintiff's present cause of action. The language of the release is susceptible of different interpretations and is thus ambiguous. Specifically, the release could arguably apply only to the work Plaintiff actually performed at the restaurant because the language states the settlement was for "money owed for work performed" at the restaurant and does not state that the release includes any claim for work contracted for but not performed. Conversely, the release covers "all actions" as "related to or involving money owed" in connection with the work performed at the restaurant, which could be construed as to encompass Plaintiff's claim for work contracted for but not performed. As the burden lies with Defendant at this juncture, the Court finds that Defendants have not demonstrated that Plaintiff's breach of contract claim fails as a matter of law and the motion to dismiss is denied without prejudice to Defendants' right to raise this issue again after the completion of discovery or at trial.

## V. CONCLUSION

For the reasons that follow, Defendants' motion to dismiss is DENIED. An appropriate Order follows.

DATED this 12th day of January, 2017.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge